WEBERT *v.* CULP.

REFORMATION OF INSTRUMENTS—DEEDS—MISTAKE—EQUITY.

> In suit for reformation of deed, where proofs show 'that it was intention of parties to form partnership to plat and develop land conveyed, but this was never done and is now impossible, equity requires return of parties to their former rights by cancellation of all conveyances by both parties rather than reformation of said deed, which, by mistake, conveyed full title instead of undivided one-half.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 3, 1931. (Docket No. 75, Calendar No. 34,590.) Decided October 5, 1931.

Bill by Lewis G. Webert and another against John M. Culp to reform a deed. Cross-bill by defendant against plaintiffs for rescission of exchange of real estate. Bill and cross-bill dismissed. Both parties appeal. Reversed, and decree entered for defendant.

*Carl H. McLean* and *Cummins & Cummins,* for defendant.

WIEST, J. In this opinion we speak of Lewis G. Webert as plaintiff.

The bill herein was filed to correct the description in and reform a deed and have it convey an undivided one-half interest in certain land, less two parcels, instead of full title. Defendant, by answer, denied mistake in the deed, and, by cross-bill, set up his version of the transaction, alleged fraud, undue influence, and overreaching, offered to restore the *status quo,* and prayed rescission with return of

the property interests by both parties. Plaintiff answered the cross-bill. The court gave plaintiff an opportunity to return to defendant the interests conveyed, together with such income as he had derived therefrom, less the amount of expenditures actually made in improving the property, and receive back the interests he had conveyed. Plaintiff did not make such return, and the court dismissed the bill and cross-bill. Both parties appealed.

Plaintiff owned 40 acres of land near the village of Holt, had platted, developed, and sold lots therein. Defendant owned a 75-acre farm about 100 rods distant, and held title to several parcels of land elsewhere, subject to sale on land contracts. Plaintiff wanted aid in developing and platting the south 20 acres, and offered to sell defendant an undivided one-half interest therein for $15,290, accepted defendant's interests in specified property as of that value, and to form a copartnership for development and sale of the 20 acres. An agreement to such effect was signed by the parties, and a deed was executed by plaintiffs to defendant, but, by mistake, it conveyed full title to the 20 acres instead of an undivided one-half interest therein. The mistake was discovered by plaintiffs before the partnership agreement was signed, and, defendant claiming full title, this suit for correction was at once instituted. We find, as did the circuit judge, that the deed was a mistake, and should have conveyed an undivided one-half interest.

The giving of this deed, however, was coupled with the formation of a copartnership which was not consummated, and is beyond the power of the court to now order. Without such copartnership, platting of the land and development of the subdivision, an undivided interest therein would not be worth one-

fourth of the compensation received by plaintiff. It would be inequitable to correct the deed and permit plaintiff to retain the consideration paid by defendant without the real purpose of the copartnership and development of the land being possible.

We agree with the circuit judge that no fraud or undue influence was practiced upon defendant. Defendant was a man of affairs, of long experience in real estate transactions, was familiar with the location of the land and possibilities of its marketability, if platted, comprehended the business ability of plaintiff, and was willing to enter into the arrangement, inclusive of a copartnership. He certainly would not have purchased the land at the price agreed upon except with the copartnership in view for the development and sale of the land.

Both parties are in the court of equity. The copartnership is an impossibility; to reform the deed without more would be inequitable; more is impossible; and we feel that what the parties have done, falling far short of what should have been done, and now cannot be done, calls for cancellation of all transfers and return of the parties to their former rights.

The decree in the circuit court is reversed, and a decree will be entered in this court requiring each party to return to the other, or in case of inability to do so, to account for all received. Defendant will recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.